**Kevin MOORE, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 517,2004.

Supreme Court of Delaware.

Submitted: Oct. 19, 2005.
Decided: Nov. 9, 2005.

---

**19.** *See General Motors Corp. v. Smith,* 1987 WL 11460, at *2 (Del.Super.Ct. May 26, 1987).

Edward C. Gill, of the Law Office of Edward C. Gill, P.A., Georgetown, DE, for Appellant.

John R. Williams, of the Department of Justice, Dover, DE, for Appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en banc.

BERGER, Justice:

In this appeal, we consider whether an abuse victim's statement in a presentence report may be withheld from the defendant. The victim asked that the defendant not be allowed to see her statement because she was afraid of what the defendant would do if he knew that she had cooperated with the State. The Superior Court agreed, and subsequently sentenced the defendant based, in part, on the undisclosed information in her statement. While we understand the trial court's interest in protecting the victim, both Superior Court Rule 32 and fundamental fairness require that the defendant be given an opportunity to explain or rebut the factual information that the court relies upon when imposing sentence. Since the defendant did not have that opportunity, we must vacate his sentence and remand for the imposition of a new sentence.

Factual and Procedural Background

In June 2004, Kevin Moore was charged with second degree assault, terroristic threatening, endangering the welfare of a child, and fourth degree rape. The of-

fenses all related to an April 2004 incident involving his girlfriend, Elaine Burris. In September 2004, Moore entered into a plea bargain under which he agreed to plead guilty to second degree assault and the State agreed to recommend a six-month sentence at Level V and to *nolle pros* the remaining charges.

The presentence report includes, among other things, a summary of the incident, victim interview, and offender interview. According to the summary, Burris arrived home at about 11:45 p.m. on April 8, 2004, after attending a job interview. Moore accused Burris of cheating on him and a verbal altercation ensued. When Moore started shoving and pushing Burris, she retreated to a bedroom. According to Burris, she was crouched in front of the bedroom door, trying to shut it, when Moore kicked the door in. The door struck Burris in the eye, shattering her left eye socket. Burris's two children, aged eleven and thirteen, witnessed the incident.

Burris reported these events to the Milford Police Department the next day. In June 2004, she added to her report, explaining that, at one point during the altercation, she was using the bathroom and Moore entered the room, pulled her off the toilet, and pushed his finger into her private area.

The undisclosed victim interview vividly described an escalating pattern of abuse:

> The offender has repeatedly choked the victim, pulled chunks of hair from her head, pushed her down the stairs, bloodied her fingers while attempting to pull her engagement ring off, suffocated her with pillows, burned her eyelids with cigarettes....She recalls one occasion where the offender put her down on the floor and shoved a meat skewer to the back of her throat. During this time he asked her what she thought might happen if he pushed on it.

It also provides details about the abusive relationship, Moore's drinking habits, and Burris's fears for her safety.

At sentencing, the trial court noted that Burris sustained serious injuries, and that her children witnessed the assault and were traumatized by it. In addition, the court addressed Moore's past conduct:

> You do have a bit of a history of prior violence in this case. I have to take that into account as well. The aggravating factors are such that the Court finds that there is a prior violent criminal activity on your part. There does appear to be a need for correctional treatment given your record and past history.
>
> I do view your comments today as helpful.... [T]here has been a prior abuse situation with the victim on previous occasions, although you have not been charged or found not guilty of some of those offenses, or the State has nolle prossed them. But nevertheless, the nature of this offense does indicate there has been a prior record of misbehavior....

The redacted presentence report includes most of the information that the trial court referred to at sentencing. Several of the more serious instances of prior abuse, however, are described only in Burris's statement.

The trial court sentenced Moore to eight years at Level V, suspended after five months for six months at Level IV. This appeal followed.

## Discussion

When he filed his opening brief on appeal, Moore was unaware of Burris's statement. He argued that the trial court improperly based its sentencing decision on unsubstantiated allegations that lacked even minimal indicia of reliability. Moore

learned about Burris's statement only when the State included an unredacted copy of the presentence report in the appendix filed with its answering brief. At oral argument, Moore acknowledged that Burris's statement provided a sufficient basis for the trial court's findings at sentencing. The only issue, therefore, is whether Moore's sentence should be vacated because he was prevented from seeing, and responding to, Burris's statement.

Superior Court Criminal Rule 32 provides, in relevant part:

(a) *Sentence.*

(1) Imposition of Sentence.... When there is a presentence investigation, the court shall provide the counsel for the defendant and the attorney general with the presentence officer's determination, pursuant to the provisions of subdivision (c)(2)(B), ....At the sentencing hearing, the court shall afford the counsel for the defendant and the attorney general an opportunity to comment upon the presentence officer's determination and on other matters relating to the appropriate sentence.

\* \* \*

(c) *Presentence investigation.*

\* \* \*

(2) Report. Unless the court orders a limited investigation, the report of the presentence investigation shall contain -

(A) Information about the history and characteristics of the defendant, including prior criminal record...

\* \* \*

(D) A victim impact statement in accordance with 11 Del. C. § 4331(d);

\* \* \*

(3) Disclosure. At least 7 days before imposing sentence ... the court shall allow the defendant's counsel ...and the attorney general to read the report of the presentence investigation, including the information required by subdivision (c)(2) but not including any final recommendation as to sentence. The court shall afford the parties an opportunity to comment on the report and, in the discretion of the court, to present information relating to any alleged factual inaccuracy contained in it....

In short, Rule 32 requires disclosure of every portion of the presentence report except the investigating officer's final recommendation as to the appropriate sentence. The redacted presentence report that was made available to Moore prior to sentencing did not comply with the Rule.

■ In other contexts, failure to adhere to a court rule might not constitute reversible error. Here, however, Moore's right to know what was in the Burris statement exists independent of any rule. This Court has held that a defendant must be given some opportunity "to explain or rebut any uncorroborated evidence upon which the court relies in making its sentencing determination,"[1] as a matter of fundamental fairness. The trial court stated that it "thoroughly reviewed the presentence investigation conducted by [the] ISO office." We must assume, therefore, that the information in the presentence report, including Burris's statement, formed at least a part of the evidence the court relied upon in sentencing Moore. Thus, Moore should have been given the opportunity to address Burris's statement before being sentenced.

■ The State argues that a resentencing is not mandated because the information in Burris's statement was "merely cumulative," and Moore suffered no preju-

---

[1]. *Mayes v. State,* 604 A.2d 839, 845 (Del.1992) (quoting *Lake v. State,* Del.Supr., No. 67, 1984, Horsey, J., at 3, 494 A.2d 166 (Oct. 29, 1984)).

dice. We disagree. The abuses described in Burris's statement were more graphic and arguably more severe than those described elsewhere in the presentence report. Although Moore's counsel could not assure this Court that his client would attempt to rebut any of Burris's statements, he did state that, in light of the newly discovered information, his presentation would be different. Since he is entitled to have an opportunity to "explain," we conclude that he must be given a new sentencing hearing. In reaching this conclusion, we are not unmindful of the concerns expressed by this victim. But, if the trial court relies on uncorroborated facts in a victim's statement, the statement cannot be withheld from the defendant.

### Conclusion

Based on the foregoing, the sentence is vacated, and this matter is remanded to the Superior Court for resentencing. Jurisdiction is not retained.